Fecteau, J.
INTRODUCTION
The plaintiff, Kevin B. Shaughnessy, has brought this action seeking to recoup the unpaid balance of a judgment in his favor which resulted from an automobile accident lawsuit. The plaintiff brings his claims both in his individual capacity and as the assignee of the rights of the original tortfeasor, Kenneth Hudson, Inc. (“Hudson”). Count IV of the plaintiffs First Amended Complaint alleges legal malpractice against defendants James B. Dolan, George F. Parker, and Lawrence J. Cohen as partners in the law firm of Badger, Dolan, Parker & Cohen (collectively, “the attorneys”). The attorneys represented Hudson in the motor vehicle accident suit. The plaintiff alleges that the attorneys negligently defended the suit resulting in a judgment against their client which was over the available insurance policy limits, the balance of which has been unavailable to the plaintiff. The plaintiff claims to be Hudson’s assignee. The attorneys move for reconsideration of this court’s order which allowed the plaintiffs ex parte motion to extend time for service of the First Amended Complaint upon these three defendants, maintaining that the standards as outlined within Mass.R.Civ.P. 4(j) require that the plaintiffs motion be denied. The attorneys also move to dismiss Count IV of plaintiffs First Amended Complaint due to insufficient service, the time bar of the applicable statute of limitations, and because legal malpractice claims cannot be assigned as a matter of law. For the reasons set forth below, the defendants’ motion for reconsideration is denied. The defendants’ motion to dismiss is treated as a motion for summary judgment and is allowed on the statute of limitations basis.
BACKGROUND
The following facts are undisputed, are supported within the summary judgment record, and are taken in a light most favorable to the plaintiff:
On March 18, 1985, the plaintiff was injured while he was a passenger in a vehicle owned and operated by Hudson, a business which provided transportation services. He brought suit to recover for his injuries which he alleged were caused by Hudson’s negligence. Hudson was represented in that lawsuit by the defendant attorneys.
During the pendency of the lawsuit, Hudson’s primary insurer became insolvent. Pursuant to G.L.c. 175D, the Massachusetts Insurers Insolvency Fund (“the Fund”) assumed the rights and obligations of the insolvent insurer. On behalf of the Fund, the defendant attorneys were retained to defend Hudson in the plaintiffs lawsuit.
In August of 1991, a jury in the Worcester Superior Court returned a plaintiffs verdict in the personal injury lawsuit. The’ court entered judgment on August 9, 1991 in the approximate amount of $920,000.00. Hudson appealed to the Appeals Court and to the Supreme Judicial Court. However, hearings were denied and all appeals were exhausted by December 29, 1992.
Hudson was covered by a second insurance policy at the time of the motor vehicle accident. Safety Mutual Casualty Corporation (“Safety”) had issued a commercial umbrella liability insurance policy to Hudson. However, Safety filed a complaint for declaratory judgment in the United States District Court seeking a *15 declaration that it was not obligated to provide coverage because of Hudson’s failure to provide notice of the accident until after the verdict.
Hudson was named defendant in Safety’s lawsuit. In October of 1991, Hudson retained a second attorney, Charles H. Cremens (“Cremens"), who appeared on its behalf to defend against the Safety lawsuit. On October 24, 1991, Cremens filed an answer to Safety’s complaint, a counterclaim and a third-party complaint.
The Fund paid the statutory maximum under G.L.c. 175D in the amount of $300,000.00, leaving Hudson liable to the plaintiff for the balance. After various small payments from other sources, a portion of the plaintiffs judgment remains unsatisfied and continues to accrue interest.
The plaintiff brings several of his claims, including those for legal malpractice against the defendant attorneys, as an assignee of Hudson’s rights.[2] It is not alleged that the plaintiff ever engaged in an attorney-client relationship with the defendant attorneys.
Hudson retained Mark A. Stull (“Stull”) in order to pursue his potential claims resulting from his judgment liability. Stull executed a tolling agreement which served to toll any statute of limitations which was to run between August 1994 and November 1, 1994. The agreement reads as follows:
Tolling Agreement Between Kenneth Hudson, Inc. D/B/A Hudson Bus Lines and James B. Dolan, Jr., Stephen Menard and Badger, Dolan, Parker & Cohen, Its Predecessors, Successors, Employees and Partners: The captioned parties hereby agree to a tolling agreement exclusively as to any Statute of Limitations which will expire from the date of this agreement to November 1, 1994. This agreement will expressly pertain to any and all causes of action which may be filed against Stephen D. Menard, Esquire, James B. Dolan Jr., Esquire, and the predecessors or successors in interest to Badger, Dolan, Parker & Cohen, its employees, associates and partners.
The plaintiff filed his Complaint and jury demand on December 27, 1995, containing negligence claims against the defendant attorneys. Though the plaintiff had retained counsel prior to that date, the plaintiff was pro se at the time of the original filing. The deadline for service under the tracking order pursuant to the Superior Court Standing Order 1-88 (“Standing Order 1-88”) and Mass.R.Civ.P. 4was March 26, 1996.
On March 25, 1996, the plaintiffs current counsel, Nathaniel D. Pitnof, filed an appearance on plaintiffs behalf. On that same day, plaintiffs counsel filed a First Amended Complaint which elaborated on the negligence claims against the defendant attorneys and added claims against other defendants.
In Count IV of his First Amended Complaint, the plaintiff claims as follows:
. . . Hudson was defended by [the attorneys] during the lawsuit in which Shaughnessy [the plaintiff] sought damages for his personal injury . . . [the attorneys] deviated from good and acceptable practice in its representation of Hudson . . . [the attorneys] failed to adequately evaluate the worth of the personal injury suit . . .■ [the attorneys] failed to inform Hudson that it could and should employ personal counsel to protect its interests with respect to a judgment of more than available coverage . .. [the attorneys] released a third-party defendant out of the lawsuit for inadequate consideration while that defendant had viable insurance coverage and was jointly and severally liable for damages ... [the attorneys] negligently failed to put Hudson’s excess carrier on notice, which allowed that carrier to decline coverage based on inadequate notice . . . As a result of the deviation from good and acceptable representation by [the attorneys], Hudson suffered economic injury.
On March 25, 1996, the newly added defendants were served with the First Amended Complaint. Before the plaintiffs process server went to Boston to serve the defendant attorneys, plaintiffs counsel telephoned their law firm and spoke with attorney Lawrence Cohen (“Cohen”). Counsel informed Cohen that he was calling as a professional courtesy and that process was going to be served. Counsel asked Cohen whether or not he would accept service for himself and his two partners so as to avoid embarrassment to them if there were clients in their offices. Cohen responded that he was unsure, and that he would speak to his partners and call plaintiffs counsel back.
The defendant attorneys did not accept service that day. Plaintiffs counsel was told that when the process server arrived at their offices, Cohen said he was too busy to see her. However, she left the summonses and Complaints for each defendant attorney.
As a result, plaintiffs counsel telephoned Cohen once again, and stated that he would have to serve the attorneys at their homes if they did not accept service at their offices. Cohen advised plaintiffs counsel that he had not yet spoken to his partners, but that he would do so and return the call on the following day. Cohen and plaintiffs counsel did not speak the following day, but Cohen left a message that he and his partners would not informally accept service of process.
Accordingly, the plaintiffs counsel contacted the Board Bar Overseers (“BBO”) to request the attorneys’ home addresses in order to effectuate service. However, the BBO informed counsel that addresses would not be given out without a subpoena.
Plaintiffs counsel determined that it would take additional time in order to set up a Keeper of the Records Subpoena to the BBO. As such, on March 26, 1996, Plaintiffs counsel filed an ex parte motion with this court entitled Motion to Extend Time for Service *16 Under the Tracking Order and Affidavit in Support Thereof. Within his motion, counsel requested thirty-additional days in which to obtain the necessary home addresses from the BBO and to effectuate service upon the defendant attorneys. Plaintiffs motion was allowed by this court on March 26, 1996.
The plaintiff obtained the necessary addresses and service was completed on the defendant attorneys as follows: on Lawrence J. Cohen, on April 10, 1996; on James P. Dolan, on April 17, 1996; on George F. Parker, on April 19, 1996. All of the attorneys were served within the thirty-day extension as granted by this court.
DISCUSSION
I. Motion for Reconsideration
Superior Court Rule 9D governs motions for reconsideration. The deciding judge has the authority and discretion to reconsider the motion. Although a judge should not lightly undo his own work or the work of another judge, the power to reconsider an issue remains in the court until final judgment. Riley v. Presnell, 409 Mass. 239, 242 (1991), citing Peterson v. Hopson, 306 Mass. 597, 601 (1940), Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 622 (1989).
The attorneys argue that Rule 4(j) is controlling over plaintiffs motion to extend time for service and that the court did not consider it when it allowed plaintiffs motion. This argument is misplaced. Mass.R.Civ.P. 4(j) (“Rule 4(j)’j reads, in pertinent part, as follows:
If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Mass.R.Civ.P. 4(j).
Rule 4(j) controls when a plaintiff has allowed the time frame for service of process to expire without taking any action. Then, faced with an expired deadline and an automatic dismissal without prejudice, it would be the plaintiffs burden to show good cause why the deadline was not heeded. In this case, the plaintiff took action before the expiration of the ninety-day deadline. The plaintiff requested and was granted an extended period for service from this court. Accordingly, the plaintiffs “good cause” for missing the Rule 4(j) deadline was the extension from this court.
It is actually the standard as outlined within Rule 6(b)(1) which is controlling to plaintiffs motion. Rule 6(b) states, in pertinent part, as follows:
When by these rules ... or by order or rule of court an act is required ... to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
Mass.R.Civ.P. 6(b)(1)(2).
The plaintiff came to this court seeking an extension of time in which to serve the three defendant attorneys before his nineiy-day service deadline, established both by the Massachusetts Rules of Civil Procedure and the Standing Order 1-88, had expired. This court is aware that the plaintiff acted only one day before the deadline was to expire, but he acted prior to the expiration, which is all that Rule 6(b)(1) requires. See rule, supra (“at any time . . .”). In that circumstance, the standard which is to be applied in order for this court in its discretion to allow an extension of a time deadline is merely “cause shown.” Mass.R.Civ.P 6(b)(1).
It is this court’s opinion that the plaintiff established cause for a thirty-day extension of time for service as to these three defendant attorneys. First, the plaintiffs counsel was retained just prior to the running of the service deadline. Within days counsel amended the complaint, filed an appearance, effected service on the remaining defendants, attempted service on the attorneys and came into court seeking an extension when it became clear that service could not be completed prior to the deadline. There has been no evidence before this court indicating that plaintiffs present counsel in any way delayed action. Plaintiff was without counsel from the filing of the original complaint until just prior to the ninety-day deadline. While pro se plaintiffs are held to the same standards as those represented by counsel, plaintiff obtained counsel who then acted before the deadline expired.
Moreover, the attorneys were contacted and service was attempted before the expiration of the original deadline. This is not a case where the prospective defendants were broadsided with an unexpected lawsuit. The attorneys knew of their exposure since at least October of 1991. They had been in discussions with plaintiffs original counsel for years. They were even contacted by telephone on the day of the attempted service and had actual notice that an amended complaint was being sent to them.
While plaintiffs inaction prior to the week of the deadline expiration would likely be fatal were the standard to be applied “excusable neglect,” as in Rule 6(b)(2), or perhaps even “good cause,” as in Rule 4(j), the fact of his action prior to the expiration of the deadline permits him to be judged only be the standards as set out in Rule 6(b)(1). The delay of obtaining new counsel, taken together with that counsel’s reasonable actions once retained and the ample notice provided the defendant attorneys, is sufficient “cause shown” to have allowed the plaintiff an additional *17 thirty days in which to effectuate service upon these defendants.
The defendant attorneys also take issue with the form of plaintiffs motion to extend time for service. They argue that the plaintiff did not act pursuant to Rule 6, such that the court did not apply the standards therein. Once again, this argument is misplaced. The plaintiff titled his motion, “Motion to Extend Time for Service Under the Tracking Order and Affidavit in Support Thereof.” It is clear from the substance of the motion that the plaintiff is seeking an extension from a time deadline imposed by the Massachusetts Rules of Civil Procedure as well as Standing Order 1 -88. This court was well aware of the relevant standards as outlined in both Rules 4 and 6, and applied them to the facts before the court where relevant. While it is accurate that the plaintiff did not specifically invoke either Rule 4 or Rule 6 in his motion, he clearly stated what relief he was seeking and presented the facts in support thereof. The court applied the relevant and appropriate legal standards in issuing its order. Accordingly, since there is no evidence before this court as to any changed circumstance or misapplication of legal standard, the attorneys’ motion for reconsideration is denied.
II. Motion to Dismiss
The attorneys’ second motion requests dismissal pursuant to Mass.R.Civ.P. 12. However, the analysis in this case requires examination of additional materials outside of the pleadings, such as previously filed motions and the subsequent orders, the affidavits of plaintiffs counsel and one of the defendant attorneys, and the dates of the various court filings related to the underlying motor vehicle accident suit. Both parties have had the opportunity to submit outside materials to this court, and the court has considered submissions representing both sides.
Because items outside of the First Amended Complaint must be considered, this dispute is better decided under Mass.R.Civ.P. 56. Mass.R.Civ.P. 12(b) provides that a motion to dismiss a Complaint for failure to state a claim upon which relief can be granted shall be treated as a motion for summary judgment if matters outside of the pleadings are presented to and not excluded by the court. Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 891-92 (1983); Mass.R.Civ.P. 12(b). The parties must be given notice of the conversion from a motion to dismiss to a motion for summary judgment, such that each party has a practical opportunity to present materials relevant under Mass.R.Civ.P. 56. Id., at 892.
In this case, it is proper for this court to treat the attorneys’ motion to dismiss as a motion for summary judgment. The plaintiff has not filed any opposition to the attorneys’ motions. However, as noted above, the court has considered plaintiffs counsel’s affidavit submitted in support of plaintiffs motion to extend the deadline for service. Furthermore, the plaintiff received the attorneys’ motions before he decided not to file an opposition memorandum, such that he had a full opportunity to respond to the attorneys’ submitted materials. Moreover, at the hearing on the present motions, this court announced its intention to treat the motion to dismiss as a motion for summary judgment, and offered the plaintiff additional time in which to respond. The plaintiff declined the additional time, indicating that he had anticipated the conversion and would rest upon the existing record. In addition, the defendant attorneys have represented to this court that they provided the plaintiff with a minimum of twenty-four days to respond to their submissions pursuant to Superior Court Rule 9A(a)(2)(B). For all of these reasons, the plaintiff has had ample notice of the broad nature of this motion.
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974).The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
A. Insufficient Service
The attorneys’ motion to dismiss due to insufficient service is denied for the same reasons as are outlined herein for denial of the attorneys’ motion to reconsider. Since proper service was effected within the one-month extended time period for service, service upon the defendant attorneys was proper.
B. Statute of Limitations
The attorneys next maintain that the plaintiffs action for legal malpractice must be dismissed because it was filed after the expiration of the applicable statute of limitations. For the following reasons, the attorneys’ motion must be allowed on this ground.
G.L.c. 260, §4 provides that actions of tort for malpractice error or mistake against attorneys shall be commenced within three years after the cause of action accrues. In this case, the plaintiff filed his original Complaint on December 27, 1995. Therefore, if his cause of action accrued on December 27, 1992 *18 or later, his action was filed within the appropriate time frame.
However, it is this court’s view that the plaintiffs cause of action accrued either in August, October, or November of 1991. Either date would make the plaintiffs Complaint filed over one year late. This case is factually similar to Cantu v. St. Paul Cos., 401 Mass. 53 (1987). In that case, malpractice claims brought against an attorney and his law firm by a former client, a physician against whom a medical malpractice judgment had been returned, were held barred by the three-year statute of limitations. The court recognized that a cause of action for malpractice does not accrue until a plaintiff knows or reasonably should know that it has sustained appreciable harm as a result of a defendant’s negligence. Id. at 57. The issue in Cantu was when the plaintiffs cause of action had accrued. The court held that the physician’s cause of action accrued when he suffered “appreciable harm.” Id. at 56. The court stated that the physician had suffered appreciable harm when the jury returned a verdict against him in an amount exceeding his primary insurance coverage, when he knew the defendant attorneys had not put the excess carrier on notice, and when he retained another attorney to advise him about his prior counsel’s negligence. Id. at 56-57. Since all three events had occurred more than three years before the plaintiff filed his action, his suit was time barred. Id.
Moreover, the Cantu court rejected that plaintiffs argument that the statute of limitations was tolled during the pendency of his appeal or while the negligent attorneys continued their representation. The court stated clearly that the limitations period would not be tolled until the final appeal had been exhausted because the full extent of the harm need not be known in order that the cause of action accrue. Id. at 57. The harm of having to pay legal fees in order to defend oneself from a suit due to counsel’s negligence was sufficient harm so as to make the plaintiff aware of his injury and begin the limitations period running. Id. Thus, the result on appeal is of “no import.” Id.
Similarly, the court acknowledged that “a person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered.” Id. at 58, quoting Greene v. Greene, 56 N.Y.2d 86, 94 (1982). However the court held that the statute of limitations would not be tolled pursuant to the continued representation doctrine on these facts because the plaintiff had already demonstrated a reassessment of his prior counsel’s representation by hiring separate counsel to defend him due to the prior counsel’s actions. Id. Thus, “(t]he innocent reliance which the continued representation doctrine seeks to protect is not raised by the facts in this case . . .” Id. Retaining counsel to defend oneself from one’s own counsel’s negligence is part and parcel with retaining an attorney to investigate the negligence claim. Either way, the public policy reason for protecting the innocent and unsuspecting client has vanished. Id.
In the case at bar, Hudson lost the underlying personal injury lawsuit in August of 1991, and judgment was entered against him in the amount of nearly $920,000.00. If he were aware at that time that he was liable to the plaintiff for part of the judgment, the statute of limitations would begin running here. Using the date of entry of the judgment, the limitations period would have expired on August 9, 1994, over one year and four months prior to the filing of the original Complaint.
Assuming, however, that Hudson was unaware that its excess carrier had not been put on notice and that it was liable for the balance of the judgment, the statute of limitations would be tolled until it received such notice. In October of 1991, the excess carrier sued for a declaratory judgment stating that Hudson’s failure to provide notice precluded coverage. Hudson was a party to that action. On October 24, 1991, Hudson retained counsel to defend against the excess carrier’s lawsuit. At that time, as was the case in Cantu, Hudson suffered a concrete harm and the statute began running. Thus, the limitations period expired on October 24, 1994, one year and two months prior to the filing of the original Complaint.
However, Hudson’s 1994 counsel engaged in an agreement with the attorneys which purported to toll the limitations period for actions against the attorneys until November 1, 1994. Therefore, at the latest, the limitations period expired on November 1, 1994, one year and one and one-half months prior to the filing of the original Complaint. Regardless of which date is used, the December 1995 filing was untimely and the attorneys’ motion to dismiss must be granted on this basis.
C. Assignment of Legal Malpractice Rights
While this court’s decision is based primarily upon the statute of limitations bar, there is a separate and distinct basis upon which this court must dismiss the legal malpractice claim against the defendant attorneys. The plaintiff asserts rights as an assignee of Hudson when he sues the attorneys for malpractice. It is undisputed that the plaintiff was never a client, actual or constructive, of the defendant attorneys. The issue here is whether the rights to a claim for legal malpractice are assignable. Though an issue of first impression in the Commonwealth, it is the view of this court that Massachusetts follows the majority rule as espoused in One Nat’l Bank v. Antonellis, 80 F.3d 606 (1st Cir. 1996), and Goodley v. Wank and Wank, Inc., 62 C.A.3d 389 (Cal. 1976). Legal malpractice rights cannot be assigned to third parties due to the personal and fiduciary nature of the attorney-client relationship and attendant duties. One Nat’l Banks, supra at *19 613-14. Accordingly, the plaintiff cannot assert a legal malpractice claim against his former adversary’s attorneys as an assignee.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for reconsideration of order granting plaintiffs motion to extend the deadline for service should be and is DENIED. It is further ORDERED that the defendants’ motion to dismiss should be and is ALLOWED due to the expiration of the applicable statute of limitations. Accordingly Count IV of the Plaintiffs First Amended Complaint is dismissed.

 There are no additional facts within the summary judgment record as to how the plaintiff came to be an assignee of Hudson’s rights.